RECEIVED

JUL 27 2021

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 1:21-CR-00028 |
| v. ) | |
| ) | INDICTMENT |
| JADELYN MARIE MAHER, ) | |
| ) | T. 21, U.S.C. § 843(a)(3) |
| Defendant. ) | T. 18, U.S.C. § 1035(a)(2) |
| ) | |

**THE GRAND JURY CHARGES:**

## COUNT 1
(Acquiring a Controlled Substance by Misrepresentation,
Fraud, Deception, and Subterfuge)

On or about April 11, 2019, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, did knowingly and intentionally acquire and obtain possession of Hydrocodone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge. Specifically, Defendant MAHER, used the identity of a hospital patient, D.H., who had a prescription for a medication containing Hydrocodone, in order to falsely indicate in the patient's medical narcotics log that the medications were administered to the patient, when in fact Defendant MAHER diverted that medication for her own unlawful possession.

This is a violation of Title 21, United States Code, Section 843(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2
(False Statements Relating to Health Care Matters)

On or about April 11, 2019, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in connection with the delivery of health care benefits, items, and

services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), in that, Defendant MAHER indicated on the medical narcotic logs of Jennie Edmundson Hospital that she had performed and verified the administration of two (2) Hydrocodone-acetaminophen 5-325 milligram tablets, containing Hydrocodone, a Schedule II controlled substance, to patient D.H. when, in fact, Defendant MAHER did not administer these medications.

This is a violation of Title 18, United States Code, Section 1035(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 3**
**(Acquiring a Controlled Substance by Misrepresentation,**
**Fraud, Deception, and Subterfuge)**

On or about April 12, 2019, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, did knowingly and intentionally acquire and obtain possession of Hydrocodone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge. Specifically, Defendant MAHER, used the identity of a hospital patient, D.V., who had a prescription for a medication containing Hydrocodone, in order to falsely indicate in the patient's medical narcotics log that the medications were administered to the patient, when in fact Defendant MAHER diverted that medication for her own unlawful possession.

This is a violation of Title 21, United States Code, Section 843(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 4**
**(False Statements Relating to Health Care Matters)**

On or about April 12, 2019, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in connection with the delivery of health care benefits, items, and

services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), in that, Defendant MAHER indicated on the medical narcotic log records of Jennie Edmundson that she had performed and verified the administration of one (1) Hydrocodone-acetaminophen 5-325 milligram tablet, containing Hydrocodone, a Schedule II controlled substance, to patient D.V. when, in fact, Defendant MAHER did not administer these medications.

This is a violation of Title 18, United States Code, Section 1035(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 5
### (Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge)

On or about April 11, 2019, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, did knowingly and intentionally acquire and obtain possession of Oxycodone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge. Specifically, Defendant MAHER, used the identity of a hospital patient, L.H., who had a prescription for a medication containing oxycodone, in order to falsely indicate in the patient's medical narcotics log that the medications were administered to the patient, when in fact Defendant MAHER diverted that medication for her own unlawful possession.

This is a violation of Title 21, United States Code, Section 843(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 6
### (False Statements Relating to Health Care Matters)

On or about April 11, 2019 in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in connection with the delivery of health care benefits, items, and

services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), in that, Defendant MAHER indicated on the medical narcotic log records of Jennie Edmundson Hospital that she had performed and verified the administration of two (2) Oxycodone-acetaminophen 5-325 milligram tablets, containing Oxycodone, a Schedule II controlled substance, to patient L.H. when in fact Defendant MAHER did not administer these medications.

This is a violation of Title 18, United States Code, Section 1035(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 7
### (Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge)

On or about March 14, 2020, in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, did knowingly and intentionally acquire and obtain possession of Hydrocodone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge. Specifically, Defendant MAHER, used the identity of a nursing home patient, V.J., who had a prescription for a medication containing hydrocodone, in order to falsely indicate in the patient's medical narcotics log that the medications were administered to the patient, when in fact Defendant MAHER diverted that medication for her own unlawful possession.

This is a violation of Title 21, United States Code, Section 843(a)(3).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 8
### (False Statements Relating to Health Care Matters)

On or about March 14, 2020 in the Southern District of Iowa, the Defendant, JADELYN MARIE MAHER, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in connection with the delivery of health care benefits, items, and

services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), in that, Defendant MAHER indicated on the medical narcotic log records of Primrose Retirement Community of Council Bluffs that she had performed and verified the administration of one (1) Hydrocodone-acetaminophen 5-325 milligram tablet, containing Hydrocodone, a Schedule II controlled substance, to patient V.J. when in fact Defendant MAHER did not administer these medications.

This is a violation of Title 18, United States Code, Section 1035(a)(2).

**A TRUE BILL.**

FOREPERSON

Richard D. Westphal
Acting United States Attorney

By: _____
Michael B. Duffy
Assistant United States Attorney